**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff**<br><br>v.<br><br>**CARLOS DAVID TAFOYA-RAMOS,**<br><br>**Defendant** | **CASE NO. 1:15-CR-0288-AWI-SKO-6**<br><br>**ORDER ON MOTION FOR COMPASSIONATE RELEASE**<br><br>(Doc. No. 517) |

On November 15, 2017, Defendant Carlos David Tafoya-Ramos was sentenced to a term of 72 months in the custody of the Federal Bureau of Prisons ("BOP") and 36 months of supervised release under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) for possession of a controlled substance with intent to distribute. Doc. No. 340, pages 2 through 3 of 7. It appears the sentence commenced on January 3, 2018. Id., page 2 of 7. Tafoya-Ramos now brings a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that he "suffers from serious TB problems" and is therefore at elevated risk from COVID-19. Doc. No. 517 at 1. For the reasons set forth below, the Court will deny the motion without prejudice.

## **PROCEDURAL HISTORY**

On June 15, 2020, Tafoya-Ramos filed motion *pro se* seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that COVID-19 was "burgeoning" in Federal Correctional Institute in Stafford, Arizona where he was confined. Doc. No. 500. The June 15, 2020 motion argues that early release "would allow [Tafoya-Ramos] to have access to better

1  social distancing opportunities and enhanced hygiene." Id. at 1-2. It does not state, however, that
2  Tafoya-Ramos has elevated risk factors with respect to COVID-19 or that Tafoya-Ramos ever
3  requested compassionate release from the BOP. Id.

4      On June 17, 2020, Tafoya-Ramos's motion was referred to the Federal Defender's Office
5  for the Eastern District of California pursuant to General Order No. 595, Doc. No. 501, and on
6  June 18, 2020, counsel was appointed to represent Tafoya-Ramos in connection with his efforts to
7  secure compassionate release. Doc. No. 502.

8      On July 31, 2020, the Court issued a stipulated Order calling for Tafoya-Ramos to file an
9  18 U.S.C. § 3582 motion by August 31, 2020, for the United States to file an opposition by
10 September 21, 2020, and for Tafoya-Ramos to file a reply by September 28, 2020. Doc. No. 514.

11     On August 24, 2020, Tafoya-Ramos filed a motion captioned "Amended Pro Se Motion
12 for Compassionate Release Pursuant to Title 18 § 3582(c)(1)(A)([i])." Doc. No. 517.

13     On August 28, 2020, the attorney appointed to represent Tafoya-Ramos in connection with
14 his compassionate release motion sought to withdraw as Tafoya-Ramos's counsel on the grounds
15 that Tafoya-Ramos had filed a motion for compassionate release *pro se* and had, thus, effectively
16 declined the appointment of counsel in the matter. Doc. No. 519. On September 2, 2020, the Court
17 issue an Order approving the request to withdraw and substituting Tafoya-Ramos as his own *pro*
18 *se* counsel in place of his appointed attorney. Doc. No. 521.

19                                  **DEFENDANT'S MOTION**

20     Tafoya-Ramos argues that compassionate release is warranted under § 3582(c)(1)(A)(i)
21 because he "suffers from serious TB problems" at is therefore at elevated risk in connection with
22 COVID-19. Doc. No. 517. According to Tafoya-Ramos, the medical staff at the BOP facility
23 where Tafoya-Ramos is confined "have failed to maintain adequate records detailing [his]
24 symptoms," but will "perform multiple TB tests … on October 1st, 2020" that "will allow this
25 Court to assess the magnitude of Tafoya-Ramos' unique circumstance" with respect to COVID-
26 19. Id. at 1. There is no indication in the motion—or anywhere else on the docket—that Tafoya-
27 Ramos requested compassionate release from the BOP prior to bringing this motion, but Tafoya-
28 Ramos argues that the administrative exhaustion requirement should be waived due to the

COVID-19 pandemic. Id. at 4.

The United States has not yet filed an opposition, which is due by September 21, 2020, per the July 31, 2020 scheduling Order. See Doc. No. 514.

## **LEGAL STANDARD**

Criminal defendants are empowered to request compassionate release (or sentence modifications) for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, 18 U.S.C. § 3582 provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ...

18 U.S.C. § 3582(c)(1)(A)(i).

Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," the defendant "must at least ask the [BOP] to do so on their behalf and give [the] BOP thirty days to respond." Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34.

28 C.F.R. § 571.61(a), which sets forth the requirements for a § 3582(c)(1)(A) request, see United States v. Mogavero, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020), states, in pertinent part, as follows:

> An inmate may initiate a request for consideration under 18 U.S.C. [ ] 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing. The inmate's request shall at a minimum contain the following information:

> (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
>
> (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a).

"A defendant who has not 'requested compassionate release from the [BOP] or otherwise exhausted his administrative remedies' is not entitled to a reduction of his term of imprisonment," United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (citing United States v. Solis, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019)), and it is the burden of the defendant seeking compassionate release to demonstrate exhaustion under § 3582(c)(1)(A).  See United States v. Addison, 2020 U.S. Dist. LEXIS 143518, *4 (E.D. La. Aug. 11, 2020); United States v. Van Sickle, 2020 U.S. Dist. LEXIS 80854, *9 (W.D. Wash. May 7, 2020) (and cases cited therein).

## DISCUSSION

Tafoya-Ramos makes no showing at all—in his August 24, 2020 filing, in his June 15, 2020 filing, or anywhere else in this case—that he sought compassionate release from the BOP prior to seeking relief from this Court as 18 U.S.C. § 3582(c)(1)(A) plainly requires. Indeed, the memorandum in support of Tafoya-Ramos's motion tacitly admits that he did not do so. See Doc. No. 517 at 4:7-10 ("It is, frankly, unclear from the record whether Tafoya-Ramos has exhausted all administrative remedies, specifically the 30-day holding pattern, as he apparently is submitting his motion … on this date.")

Further, the Court does not agree with Tafoya-Ramos that COVID-19 makes the administrative exhaustion requirement in § 3582(c)(1)(A) optional. See Doc. No. 517, Part A. The Third and Sixth Circuits have found that the administrative exhaustion requirement of § 3582(c)(1)(A) is mandatory even in the context of COVID-19. Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days from making a request for compassionate release before moving for release in the federal court system, "Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a

glaring roadblock foreclosing compassionate release at this point."). The Ninth Circuit, moreover, has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and thus, preclude any exercise of discretion by the court." Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); see Shaw v. Bank of Am. Corp., 946 F.3d 533, 541 (9th Cir. 2019). Consistent with *Gallo Cattle* and *Shaw*, numerous district courts, including opinions from the Eastern District of California, have held that § 3582(c)(1)(A)'s exhaustion requirement may not be waived. E.g. United States v. Howard, 2020 U.S. Dist. LEXIS 113628, *5 (E.D. Cal. June 29, 2020) (Ishii, J.); United States v. Logan, 2020 U.S. Dist. LEXIS 88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); United States v. Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); United States v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4 (S.D. Cal. Apr. 29, 2020) (and cases cited therein); United States v. Meron, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020) (Mueller, C.J.). In short, the failure to exhaust administrative remedies as mandated by § 3582(c)(1)(A) is a jurisdictional failure, and this Court is accordingly without power to decide the instant motion. See Gallo Cattle, 159 F.3d at 1197; United States v. Greenlove, 2020 U.S. Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020); Howard, 2020 U.S. Dist. LEXIS 113628 at *5; United States v. Smith, 2020 U.S. Dist. LEXIS 113423, *16 (E.D. Ark. May 14, 2020); Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

Further, Tafoya-Ramos's argument for compassionate release is that he has elevated COVID-19 risk due to "TB," but he openly admits that he is not currently in possession of corroborating medical records and that he is not scheduled for relevant tests until October 1, 2020—three days after the reply brief in further support of this motion is due under the July 31, 2020 scheduling Order. Doc. No. 517 at 1; Doc. No. 514. In other words, Tafoya-Ramos has made no meaningful attempt in this motion to meet his burden to show "extraordinary and compelling reasons" for compassionate release. See United States v. Bright, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" standard imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)).

The Court will therefore deny the motion for lack of jurisdiction and, in the alternative, on the grounds that Tafoya-Ramos has not shown—and effectively admits that he cannot currently show—"extraordinary and compelling reasons" for compassionate release.

## CONCLUSION

The Court lacks jurisdiction to decide this motion because Tafoya-Ramos fails to show that he complied with the mandatory administrative exhaustion provision in 18 U.S.C. § 3582(c)(1)(A). Moreover, the motion suffers from fatal substantive defects regarding Tafoya-Ramos's alleged medical condition that, according to Tafoya-Ramos himself, will not be addressed before October 1, 2020—three days after briefing for this motion is to be complete under the current scheduling Order.

The Court will therefore vacate the briefing schedule ordered on July 31, 2020 and dismiss the motion without prejudice.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The briefing schedule for this motion ordered on July 31, 2020 (Doc. No. 514) is VACATED;

2. Defendant's motion for compassionate release (Doc. No. 517) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   September 9, 2020                         _____
                                                   SENIOR DISTRICT JUDGE