UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CARLOS DAVID TAFOYA-RAMOS,<br><br>Defendant | CASE NO. 1:15-CR-0288-AWI-SKO-6<br><br>**ORDER DENYING RENEWED MOTION FOR COMPASSIONATE RELEASE**<br><br>(Doc. No. 535) |

On November 13, 2017, Defendant Carlos David Tafoya-Ramos was sentenced in this district court to 72 months in the custody of the Federal Bureau of Prisons ("BOP") for possession of a controlled substance with intent to distribute. Doc. No. 339-40. Tafoya-Ramos is currently serving that sentence at FCI Safford in Safford, Arizona. See Doc. No. 500 at 1.[1]

On June 15, 2020, Tafoya-Ramos filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that he "suffers from serious TB problems" and is therefore at elevated risk from COVID-19. Doc. No. 517 at 1; see also, Doc. No. 500.

The Court found in adjudicating that motion that Tafoya-Ramos had made "no showing at all—in his August 24, 2020 filing, in his June 15, 2020 filing, or anywhere in this case—that he sought compassionate release from the BOP prior to seeking relief from this Court as 18 U.S.C. § 3582(c)(1)(A) plainly requires" and that, indeed, Tafoya-Ramos had tacitly admitted to not doing

---

[1] Page citations for records appearing on the Court's electronic docket are to the page numbers in the CM/ECF stamp at the top of each page.

so. Doc. No. 524 at 4:15-18. Further, the Court found that Tafoya-Ramos had presented no records—or other evidence—corroborating his assertion that he was at elevated COVID-19 due to "TB." Id. at 5:20-28. Accordingly, the Court denied Tafoya-Ramos's request for compassionate release without prejudice on September 9, 2020 for failure to exhaust administrative remedies and, in the alternative, for failure to show "extraordinary and compelling reasons" warranting release. Id. at 6:5-12.

On November 23, 2020, Tafoya-Ramos filed a renewed motion for compassionate release. Doc. No. 535. No hearing date has been set and no opposition has been filed. The Court deems the matter suitable for decision without further briefing or oral argument, E.D. Cal. L.R. 230(g), and will deny the renewed motion for the reasons set forth below.

## DEFENDANT'S MOTION

Tafoya-Ramos asserts that this Court has jurisdiction to decide his renewed motion for compassionate release under amendments to 18 U.S.C. § 3582(c)(1)(A) through the First Step Act of 2018. Doc. No. 535, Part A. Further, Tafoya-Ramos asserts that he "suffers from TB, a life-threatening never-ending sickness" and argues that "uncertainty" as to his medical condition (and consequent susceptibility to COVID-19) should be "weighed in favor of [his] release …, not against it." Id., Part C. Finally, Tafoya-Ramos argues that, under the circumstances, his continued incarceration could constitute cruel and unusual punishment in violation of the Eighth Amendment, in addition to violating his due process rights under the Fourteenth Amendment. Id., Part D.

## DISCUSSION

In adjudicating this motion, the Court will first address 18 U.S.C. § 3582(c)(1)(A) and then turn to Tafoya-Ramos's contentions with respect to the violation of rights under the Eighth Amendment and Fourteenth Amendment.

**I.    18 U.S.C. § 3582(c)(1)(A)**

    **A.    Applicable Law**

Criminal defendants are empowered to request compassionate release (or sentence modifications) for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831,

832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, 18 U.S.C. § 3582 provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>>>> (i) extraordinary and compelling reasons warrant such a reduction ...

18 U.S.C. § 3582(c)(1)(A)(i).

Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," the defendant "must at least ask the [BOP] to do so on their behalf and give [the] BOP thirty days to respond." Raia, 954 F.3d at 595; see also, Alam, 960 F.3d at 833-34.

28 C.F.R. § 571.61(a), which sets forth the requirements for a 18 U.S.C. § 3582(c)(1)(A) request, see United States v. Mogavero, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020), states, in pertinent part, as follows:

> An inmate may initiate a request for consideration under 18 U.S.C. [ ] 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing. The inmate's request shall at a minimum contain the following information:
>
>> (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
>>
>> (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a).

"A defendant who has not 'requested compassionate release from the [BOP] or otherwise

exhausted his administrative remedies' is not entitled to a reduction of his term of imprisonment," United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (citing United States v. Solis, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019)), and it is the burden of the defendant seeking compassionate release to demonstrate exhaustion under 18 U.S.C. § 3582(c)(1)(A). See United States v. Addison, 2020 WL 4601637, at *2 (E.D. La. Aug. 11, 2020) (and cases cited therein).

**B.   Discussion**

As noted above, the Court found that it lacked jurisdiction over the motion for compassionate release Tafoya-Ramos filed on June 15, 2020, Doc. Nos. 500 and 517, because Tafoya-Ramos had not shown that he had exhausted administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A) prior to seeking compassionate release in district court. Doc. No. 524 at 4:15-21.

Here, Tafoya-Ramos attempts to address that deficiency with two emails, one dated April 9, 2020 and the other dated April 11, 2020. Doc. No. 535 at 12-13. The April 9, 2020 email appears to be from Tafoya-Ramos to "Warden"—which the Court assumes, for the limited purposes of this motion, to be the warden of the FCI Safford facility—and reads in its entirety as follows: [2]

> I carlos Tafoya Ramos I would like know if I qualified for early release and home confiment.I am a first time offender  with camp eligible points. I am not a flight risk or danger to any community or society my record shows I self surrender and I have always complied with good behavier.While I was in pretrial for 2 years.during my incarceration also I have gotten zero incidents reports.if you can please get back to me on weather I qualified for this request.I have five childrens and a wife that are in desperate need of my support during this crissis

Doc. No. 535 at 12. The April 11, 2020 email, which appears to be from the FCI Safford warden to Tafoya-Ramos in response to Tafoya-Ramos's April 9, 2020 email, reads in its entirety:

> Please discuss your eligibility for direct placement on Home Confinement with your Unit Team.
>
> Doc. No. 535 at 13.

---

[2] All text *sic erat scriptum*.

4

The significance of this email exchange is not specifically discussed in the memorandum supporting Tafoya-Ramos's renewed motion, but the Court assumes it is intended to show that Tafoya-Ramos exhausted administrative remedies by requesting early release from the FCI Safford warden several months before he first sought compassionate release from this Court. Requests to wardens for early release under 18 U.S.C. § 3582(c)(1)(A), however, must set forth the "extraordinary or compelling circumstances that the inmate believes warrant consideration," see 28 C.F.R. § 571.61(a)(1), and a prisoner may not move for early release in district court under 18 U.S.C. § 3582(c)(1)(A) on grounds that were not set forth in the moving prisoner's antecedent request to his or her warden. See United States v. Asmar, 465 F. Supp. 3d 716, 719 (E.D. Mich. 2020) ("Where the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement because he does not give the BOP an opportunity to act on the request before [d]efendant brings his request to the courts."); United States v. Jenkins, 2020 WL 1872568, at *1 (D. Neb. Apr. 14, 2020) ("Simply put, the Court cannot consider a motion for compassionate release that is based on evidence or arguments that weren't presented to the Bureau of Prisons first."); United States v. Mogavero, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden.").

Moreover, administrative requests for release must include "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." See 28 C.F.R. § 571.61(a)(2). Tafoya-Ramos's April 9, 2020 email makes no reference to his elevated COVID-19 risk as grounds for release (or otherwise) and does not contain any of the other information—as to release plans, place of residence, source of income or medical care—required for administrative exhaustion. Plus, the emails show that Tafoya-Ramos received a response to his request to the FCI Safford warden within two days with guidance to "discuss [his] eligibility for direct placement on Home Confinement with [his] Unit Team." Doc. No. 535 at 12. There is no indication that Tafoya-Ramos took any additional action through BOP channels at that point and, thus, he has again

5

failed to meet his burden to show that he exhausted administrative remedies prior to seeking compassionate release from this Court.

Tafoya-Ramos also appears to take the position, as he did in his initial motion for compassionate release, that the Court has jurisdiction to decide his 18 U.S.C. § 3582(c)(1)(A) motion even assuming he failed to exhaust administrative remedies. Doc. No. 535, Part A. The relevant section of Tafoya-Ramos's memorandum, however, merely summarizes "the compassionate release statute in 18 U.S.C. § 3582(c)(1)(A)(i) as modified by the First Step Act," and provides no new argument or other justification for the Court to revisit its finding—as set forth in its September 9, 2020 order—that, regardless of COVID-19, it lacks jurisdiction over 18 U.S.C. § 3582(c)(1)(A) requests for compassionate release where defendants fail to show administrative exhaustion. See Doc. 524 at 4:22-5:19.

Similarly, Tafoya-Ramos again fails to show "extraordinary or compelling reasons" justifying early release. In his initial motion for compassionate release, Tafoya-Ramos states that he was not in possession of medical records corroborating his TB claims at the time of filing but that he was scheduled for relevant tests on October 1, 2020. Doc. No. 517 at 1; Doc. No. 514. Tafoya-Ramos attaches medical records dated September 17, 2020 to the instant motion, but they cannot reliably be read—at least not without explanation of some sort (which Tafoya-Ramos does not provide)—to evidence a diagnosis of TB or other respiratory ailment, let alone a diagnosis indicative of heightened susceptibility to COVID-19. In fact, as far as the Court can tell, they appear to indicate that "lab results" were pending. See Doc. No. 535 at 10.

Moreover, Tafoya-Ramos makes no showing of elevated COVID-19 rates in the facility in which he is detained and no showing that the condition he claims to have elevates his COVID-19 risk. In fact, as of December 16, 2020, the BOP website shows just 5 prisoner COVID-19 cases out of a population of 766 prisoners at FCI Safford. See https://www.bop.gov/coronavirus/ (last viewed December 16, 2020). In the Court's view, that infection rate is not sufficient to justify the release of an inmate who has not even shown elevated COVID-19 risk.

The Court will therefore deny Tafoya-Ramos's renewed motion for compassionate release for lack of jurisdiction and, in the alternative, on the ground that Tafoya-Ramos has not shown

"extraordinary and compelling reasons" for compassionate release.

## II.      Alleged Violations of Constitutional Rights

In addition to asserting that elevated COVID-19 risk due to TB merits compassionate release under 18 U.S.C. § 3582, Tafoya-Ramos contends that his continued detention constitutes cruel and unusual punishment under the Eighth Amendment and violates his due process rights under the Fourteenth Amendment. Specifically, Tafoya-Ramos states that "[s]hould [he] not be released from the condition in which he is now living, he is going to be exposed to a life-threatening virus" and that failure to release him from prison would constitute an unconstitutional deprivation of medical care.  Doc. No. 535, Part D.

Tafoya-Ramos's filing could, therefore, conceivably be read, in part, as a habeas petition under 28 U.S.C. § 2241, even though it is styled exclusively as a 18 U.S.C. § 3582 motion. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (stating that "petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241") (citing Doganiere v. United States, 914 F.2d 165, 169–70 (9th Cir. 1990)); see also, Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005). Moreover, a federal court is obligated to consider *sua sponte* whether it has jurisdiction over a 28 U.S.C. § 2241 petition. See Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006); see also Hernandez, 204 F.3d at 865.

Unlike motions under 18 U.S.C. § 3582, which are properly brought in the sentencing court, see Cruz v. Jenkins, 2020 WL 6822884, at *2 (N.D. Cal. Nov. 20, 2020), habeas petitions under 28 U.S.C. § 2241 must (absent certain wrinkles irrelevant here) be heard in the judicial district in which the petitioner is confined. Hernandez, 204 F.3d at 865; Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980) (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973)). The Court expresses no view here on whether elevated COVID-19 risk due to medical conditions provides a cognizable claim for habeas petitions under 28 U.S.C. § 2241 and, indeed, notes that several courts have found it does not. See, e.g., Macias v. Bradley, 2020 WL 6681250, at *3–4 (C.D. Cal. Nov. 10, 2020); Sweeney v. Herrera, 2020 WL 4980062, at *2 (C.D. Cal. June 8, 2020); Bolden v. Ponce, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020); Ray v. Finley, 2019 WL 5569616, at *3 (M.D. Pa. Oct. 29, 2019). To the extent Tafoya-Ramos intends to

seek release under 28 U.S.C. § 2241 for violations constitutional rights, however, he must do so in the United States District Court for the District of Arizona, where the facility to which he is confined is located.

## CONCLUSION

As with the motion for compassionate release Tafoya-Ramos filed on June 15, 2020, the Court lacks jurisdiction to decide this motion because Tafoya-Ramos fails to show that he complied with the mandatory administrative exhaustion requirements in 18 U.S.C. § 3582(c)(1)(A). Moreover, Tafoya-Ramos again fails to show "extraordinary or compelling reasons" meriting early release in that he fails to show: (i) that he suffers from TB or other respiratory ailment; (ii) that the conditions he claims to suffer from create elevated COVID-19 risk; or (iii) that there is a dangerous COVID-19 infection rate in the facility to which he is confined. Further, the Court finds that to the extent any portion of the instant motion is intended as a habeas petition, it cannot be heard in this Court.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's renewed motion for compassionate release (Doc. No. 535) is DENIED without prejudice to the extent it is brought under 18 U.S.C. § 3582; and

2. To the extent Defendant's renewed motion for compassionate release is intended as a habeas petition, it is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   December 18, 2020                                      /s/ signature
                                                        SENIOR DISTRICT JUDGE

8