# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CARLOS DAVID TAFOYA-RAMOS,<br><br>Defendant | CASE NO. 1:15-CR-0288-AWI-SKO-6<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>(Doc. No. 564) |

On November 13, 2017, Defendant Carlos David Tafoya-Ramos was sentenced in this district court to 72 months in the custody of the federal Bureau of Prisons ("BOP") for possession of a controlled substance with intent to distribute. Doc. No. 339-40. Tafoya-Ramos is currently serving that sentence at FCI Safford in Safford, Arizona. See Doc. No. 500 at 1.[1]

On June 15, 2020, Tafoya-Ramos filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that he suffered from tuberculosis and was therefore at elevated risk from COVID-19. Doc. No. 517 at 1; see also, Doc. No. 500. The Court denied that motion without prejudice on September 9, 2020 for failure to exhaust administrative remedies and, in the alternative, for failure to show "extraordinary and compelling reasons" warranting release. Doc. No. 524 at 6:5-12. On November 23, 2020, Tafoya-Ramos filed a second motion for compassionate release. Doc. No. 535. That motion was also denied for lack of jurisdiction and failure to show conditions warranting relief. Doc. No. 541 at 8:4-13.

Tafoya-Ramos filed the instant motion for compassionate release on February 22, 2021

---

[1] Page citations for records filed with the Court electronically are to the page numbers in the CM/ECF stamp at the top of each page.

after taking additional steps to secure compassionate relief through administrative channels. Doc. No. 564. No opposition has been filed. The Court will deny the motion for the reasons set forth below.

## **LEGAL FRAMEWORK**

A court may generally "not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); <u>Dillon v. United States</u>, 560 U.S. 817, 819 (2010). Criminal defendants may request compassionate release or sentence modifications, however, for "extraordinary and compelling reasons." <u>United States v. Alam</u>, 960 F.3d 831, 832 (6th Cir. 2020); <u>United States v. Raia</u>, 954 F.3d 594, 595 (3d Cir. 2020).

The statutory basis for compassionate release is set forth in 18 U.S.C. § 3582(c), which states in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction....

18 U.S.C. § 3582(c)(1)(A)(i).

Before a defendant seeks compassionate release in district court, the defendant must "ask the [BOP] to do so on their behalf and give BOP thirty days to respond." <u>Raia</u>, 954 F.3d at 595; <u>see also</u>, <u>United States v. Rodriguez</u>, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) ("A defendant who has not 'requested compassionate release from the [BOP] or otherwise exhausted his administrative remedies' is not entitled to a reduction of his term of imprisonment."). The failure to exhaust administrative remedies as mandated by 18 U.S.C. § 3582(c)(1)(A) is a jurisdictional

failure. See Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); United States v. Miranda, 2021 WL 826259, at *2 (E.D. Cal. Mar. 4, 2021) (Ishii J.); United States v. Greenlove, 469 F. Supp. 3d 341, 349 (M.D. Pa. 2020); United States v. Smith, 460 F. Supp. 3d 783, 792 (E.D. Ark. 2020). "The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction," United States v. Greenhut, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998)), and to show that the statutory exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) has been satisfied. See United States v. Addison, 2020 WL 4601637, at *2 (E.D. La. Aug. 11, 2020) (and cases cited therein); Miranda, 2021 WL 826259 at *3.

## **DISCUSSION**

In this motion, Tafoya-Ramos sets forth information showing he will have employment, a place to live and access to medical care upon release. Doc. No. 564 at 3, 9. He also attaches a medical record indicating he received a skin test for tuberculosis on September 17, 2020. Id. at 8. Finally, he attaches what appears to be a February 1, 2021 letter from the warden of the FCI Stafford facility. Id. at 10. The letter states that Tafoya-Ramos submitted a "request to staff" on January 20, 2021 seeking "Compassionate Release/Home Confinement based on concerns about COVID-19." Id. The letter denies the request and states that Tafoya-Ramos "may commence an appeal … via the administrative remedy process." Id.

There is nothing on the record indicating that Tafoya-Ramos pursued an administrative appeal of the warden's February 1, 2021 decision declining his request for early release. Further, the letter itself appears to show that the warden responded to Tafoya-Ramos's request in approximately two weeks. Doc. No. 564 at 10. This Court has previously held that 18 U.S.C. § 3582(c)(1)(A) requires defendants to exhaust administrative appeals prior to bringing a motion for compassionate release in district court where a warden denies a request for compassionate release within 30 days of receipt. United States v. Sprenkle, 2020 WL 7490083, at *3 (E.D. Cal. Dec. 21, 2020) (Ishii, J.) (citing United States v. Greenlove, 469 F. Supp. 3d 341, 348 (M.D. Pa. 2020), United States v. Ng Lap Seng, 459 F. Supp. 3d 527, 536 (S.D.N.Y. 2020) and United States v. Opoku, 2020 WL 3404735, at *2 (S.D. Miss. June 19, 2020)). The Court therefore lacks the power

to order the relief Tafoya-Ramos is seeking. See Sprenkle, 2020 WL 7490083 at *2 (citing Gallo Cattle, 159 F.3d at 1197).

Moreover, the medical record attached to this motion shows only that Tafoya-Ramos was tested for tuberculosis, not that he was diagnosed with it. Doc. No. 564 at 10. And the Court notes that there are currently zero COVID-19 cases among staff or inmates at Safford FCI, and that there have been no staff deaths or inmate deaths from COVID-19 at Safford FCI to date. See https://www.bop.gov/coronavirus/ (last checked April 26, 2021). Thus, in the Court's view, Tafoya-Ramos has not carried his burden to show that risks relating to COVID-19 infection justify compassionate release, regardless of whatever other medical conditions he might have. See Greenhut, 2020 WL 509385 at *1; see also, United States v. Knepper, 2020 WL 6325697, at *3 (D. Haw. Oct. 28, 2020); United States v. Torres, 2021 WL 1381161, at *2 (D. Mont. Apr. 12, 2021); United States v. Cardoza, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021); United States v. Lee, 2020 WL 6343063, at *3 (E.D. Cal. Oct. 29, 2020) (Ishii, J.).

The Court will therefore deny Tafoya-Ramos's motion for lack of jurisdiction and on the alternative grounds that Tafoya-Ramos has not shown "extraordinary and compelling reasons" for compassionate release. See Sprenkle, 2020 WL 7490083 at *3-*4.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant Carlos David Tafoya-Ramos's motion for compassionate release (Doc. No. 564) is DENIED.

IT IS SO ORDERED.

Dated:   April 27, 2021                               _____
                                                      SENIOR DISTRICT JUDGE